## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| VALERIE JOHNSON<br>and AMY CARTLEDGE, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | FILE NO. |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| DONNA C. HALEY, M.D., P.C., | ) | |
| and DONNA C. HALEY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiffs Valerie Johnson ("Johnson") and Amy Cartledge ("Cartledge") present the following claims, on behalf of themselves against Donna C. Haley, M.D., P.C. and Donna C. Haley (collectively as "Defendants").

## JURISDICTION AND VENUE

1.

This is an action for unpaid overtime under the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 *et seq.* Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint for unpaid overtime wages pursuant to the FLSA.

2.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of Georgia and within the Northern District of Georgia.

3.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## PARTIES

4.

Plaintiff Johnson is a resident of Pickens County, Georgia and was employed by Defendant to perform receptionist duties from January 2009 until August 2011.

5.

Johnson was, at all relevant times, compensated at an hourly rate of $10.50 until August 5, 2010 when Defendants began compensating Johnson at $12.00 per hour.

6.

Plaintiff Johnson is an employee as defined by 29 U.S.C. § 203(e).

7.

Plaintiff Cartledge is a resident of Cherokee County, Georgia and was employed by Defendant to perform receptionist duties from May 2008 until September 2011.

8.

At the start of her employment with Defendant, Cartledge was compensated at an approximate hourly rate of $11.50 per hour with intermittent raises increasing her hourly rate to $14.50 by September of 2011.

9.

Plaintiff Cartledge is an employee as defined by 29 U.S.C. § 203(e).

10.

Defendant Donna C. Haley M.D., P.C., is a Professional Corporation that provides medical services to local residents.

11.

Defendant Donna C. Haley M.D., P.C., is an employer as defined by 29 U.S.C. § 203(d).

12.

Defendant Donna C. Haley M.D., P.C., may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent

for service of process, Donna C. Haley, M.D., P.C., 100 Medical Lane, Suite 1,

Canton, GA 30114

13.

Donna C. Haley is Chief Executive Officer and Chief Financial Officer of

Donna C. Haley, M.D., P.C.

14.

Donna C. Haley is an employer as defined by 29 U.S.C. § 203(d).

15.

Donna C. Haley may be served with summons and a copy of the Complaint

in this action by delivering process to her place of business, 100 Medical Lane,

Suite 1, Canton, GA 30114.

## FACTUAL ALLEGATIONS – VALERIE JOHNSON

16.

Plaintiff Johnson began working for Defendants in January of 2009.

17.

Johnson worked as a receptionist and provided receptionist services to

Defendants between January 2009 and August 2011.

4

18.

Johnson's duties included checking patients in or out of Defendants' office facility, answering phone calls, managing patient charts, and calling in prescriptions for patients.

19.

Johnson arrived to work at approximately 6:00 A.M. Monday, Tuesday, and Thursday each week.

20.

After arriving, Johnson prepared charts and prescriptions to catch up from the previous day and prepare for the upcoming day of work.

21.

These duties kept Johnson busy until the phones went 'live' at 8:30 A.M.

22.

From 8:30 A.M. until 4:30 P.M., Johnson spent the majority of her time answering phone calls.

23.

After 4:30 P.M. Johnson would return messages, call to confirm appointments for the following day, pull charts for the next day, and handle checking out patients.

24.

To complete her duties each day, Johnson regularly remained at work until 7:30 P.M. on Mondays, Tuesdays, and Thursdays.

25.

Johnson worked approximately 13.5 hours every Monday, Tuesday, and Thursday.

26.

Johnson worked an average of 6 to 7 hours each day on Wednesdays and Fridays.

27.

With this schedule, Johnson routinely worked over 40-hours a week.

28.

On average, Johnson worked between 48 and 54 hours a week.

29.

It was necessary for Johnson to work beyond 40 hours each week to keep up with her duties.

30.

Defendants paid Johnson on a bi-weekly basis.

31.

Defendants did not compensate Johnson for hours over 40 each week that Johnson worked in violation of the FLSA.

32.

Defendants were aware that Johnson worked over 40 hours a week during Johnson's employment.

33.

Apart from any raises Johnson received during her employment, Defendants paid Johnson the same amount from pay period to pay period.

34.

Defendants did not instruct Johnson to stop working overtime.

35.

Defendants did not instruct Johnson that overtime had to be approved.

36.

Defendants did not require Johnson to keep track of her hours.

37.

In fact, when Johnson began keeping track of her hours, Defendants instructed Johnson not to do so.

38.

Once she began tracking her hours, Johnson stored her time sheets at Defendants' office.

39.

Many of Johnson's time sheets were removed from their place of storage prior to her termination.

40.

Defendants knowingly required Johnson to work in excess of 40 hours per week without paying overtime compensation to Johnson.

41.

Defendants were aware that Johnson was working time for which she was not compensated because Johnson complained to Defendants about being unappreciated for her long hours of work.

42.

Defendants' actions were knowing and willful.

## FACTUAL ALLEGATIONS – AMY CARTLEDGE

### 43.

Plaintiff Cartledge began working for Defendants in May of 2008.

### 44.

Cartledge worked as a receptionist and provided receptionist services and medical billing services to Defendants between May 2008 and September 2011.

### 45.

Cartledge's duties included checking patients in or out of Defendants' office, answering phone calls, managing patient charts, and medical billing.

### 46.

Cartledge arrived to work at approximately 6:30 A.M. Monday, Tuesday, and Thursday each week.

### 47.

After arriving to work, Cartledge would attempt to catch up from the prior day's tasks.

### 48.

Cartledge's duties regularly required her to work until 7:30 P.M. on Mondays, Tuesdays, and Thursdays.

49.

On average, Cartledge worked approximately 13 hours every Monday, Tuesday, and Thursday.

50.

Cartledge worked an average of 6 to 7 hours each day on Wednesdays and Fridays.

51.

Cartledge routinely worked over 40-hours a week.

52.

On average, Cartledge worked between 49 and 53 hours a week.

53.

It was necessary for Cartledge to work overtime to keep up with her duties.

54.

Defendants paid Cartledge on a bi-weekly basis.

55.

Apart from any raises Cartledge received during her employment, Defendants paid Cartledge the same amount from pay period to pay period.

56.

Defendants were aware that Cartledge worked over 40 hours a week over the course of her employment with Defendants.

57.

Defendants did not compensate Cartledge for hours over 40 each week that Cartledge worked in violation of the FLSA.

58.

Defendants did not instruct Cartledge to stop working overtime.

59.

Defendants did not instruct Cartledge that overtime had to be approved.

60.

When Cartledge began keeping track of her hours, Defendants instructed Cartledge not to do so.

61.

Cartledge stored time sheets that tracked her hours at Defendants' office.

62.

Although Cartledge kept time sheets, they were removed from their place of storage prior to her termination.

11

63.

Defendants knowingly required Cartledge to work in excess of 40 hours per week without paying overtime compensation to Cartledge.

**COUNT I**
**Willful Failure and Refusal to Pay Overtime in Violation of the FLSA**

64.

Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

65.

During the statutory period, Plaintiffs Johnson and Cartledge were employed by Defendants as Receptionists.

66.

The FLSA requires employers to pay for all hours worked. The FLSA, 29 U.S.C. § 207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over 40 hours per workweek.

67.

Defendants' actions, policies, and/or practices described above violated the
FLSA's overtime requirements by regularly and repeatedly failing to compensate
Plaintiffs for time spent on work activities as described in the Complaint.

68.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs
have suffered a loss of income and other damages.  Plaintiffs are entitled to
liquidated damages and also to attorneys' fees and costs incurred in connection
with this claim.

69.

Defendant knew or showed reckless disregard for the fact that she failed to
pay these individuals for overtime hours worked.

70.

Plaintiffs' notices of consent to join this action are attached as Exhibit 1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all employees similarly situated who opt in to this action ("Opt-Ins") demand a **TRIAL BY JURY** and the following relief:

a.  Judgment against Defendant for an amount equal to Plaintiffs and the Opt-Ins' unpaid back wages at the applicable overtime rates for a period of three years;

b.  Liquidated damages in an additional amount equal to unpaid overtime wages, calculated at the applicable hourly pay rate;

c.  Leave to add additional plaintiffs or opt-ins by motion, the filing of written consent forms, or any other method approved by the Court;

d.  Attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

e.  Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 26thth day of April, 2012.

BUCKLEY & KLEIN, LLP

By:    <u>s/ Edward D. Buckley</u>
          Edward D. Buckley
          Georgia Bar No. 092750
          edbuckley@buckleyklein.com
          Paul Chichester IV
          Georgia Bar No. 189958
          pchichester@buckleyklein.com

Promenade II, Suite 900
1230 Peachtree Street NE
Atlanta, Georgia 30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

Attorney for Plaintiffs

# Exhibit 1

**Consent to Join Form**

Consent to sue under the Fair Labor Standards Act (FLSA)

I work or worked for Donna C. Haley, M.D., P.C. and Donna C. Haley ("Defendants") at some point

since [month/year] _JANUARY 2009_

in the position of [title] _FRONT DESK RECEPTION_

I was not paid straight time or overtime wage for hours over forty each week when I worked for the Defendants.

I consent to joining the FLSA collective action titled Valerie Johnson and Amy Cartledge against Donna C. Haley, M.D., P.C. and Donna C. Haley to recover unpaid overtime pay under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).

I choose to be represented in this matter by the named plaintiff and counsel (Buckley and Klein, LLP) in this action.

Print Name: _VALERIE R JOHNSON_

Signature _Valerie R Johnson_

Date Signed _APRIL 26, 2012_

**Consent to Join Form**

Consent to sue under the Fair Labor Standards Act (FLSA)

I work or worked for Donna C. Haley, M.D., P.C. and Donna C. Haley ("Defendants") at some point

since [month/year]  May 2008

in the position of [title]  Front Office/Desk

I was not paid straight time or overtime wage for hours over forty each week when I worked for the Defendants.

I consent to joining the FLSA collective action titled Valerie Johnson and Amy Cartledge against Donna C. Haley, M.D., P.C. and Donna C. Haley to recover unpaid overtime pay under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).

I choose to be represented in this matter by the named plaintiff and counsel (Buckley and Klein, LLP) in this action.

Print Name:  Amy Cartledge

Signature  Amy Cartledge

Date Signed  4/26/12