IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VALERIE JOHNSON, et al.,

   Plaintiffs,

    v.

DONNA C. HALEY, M.D., P.C., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-1450-TWT

OPINION AND ORDER

This is an action under the Fair Labor Standards Act. The Court must determine whether front office personnel at a relatively small family medical practice fall within the ambit of the Act's overtime compensation requirements.

I. Background

Plaintiffs Valerie Johnson and Amy Cartledge were employed by Defendants Donna C. Haley, M.D., P.C. (the "Medical Practice") and Donna C. Haley, M.D. (collectively, the "Defendants") from January 30, 2009, through August 11, 2011, and from May 5, 2008, through September 2, 2011, respectively. Dr. Haley had the Medical Practice divided into a front office, where patients would enter and the practice would receive calls, and a back office, where Dr. Haley worked with two

medical assistants and a nurse practitioner. Both Johnson and Cartledge worked in the front office of the Medical Practice, with duties ranging from answering phones to scheduling patient visits to entering billing codes. Each Plaintiff was paid on a salary basis throughout her employment. The Plaintiffs contend that they have been denied overtime pay in violation of the Fair Labor Standards Act ("FLSA"). They filed their complaint on April 26, 2012. The Defendants filed the current motion for summary judgment on February 1, 2013.

## II.  Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  Discussion

The Defendants move for summary judgment on three grounds. They contend: (1) that the Plaintiffs were exempt under the administrative employee exception to the FLSA overtime requirement; (2) that the Plaintiffs have not provided sufficient evidence of overtime hours worked; and (3) that the Plaintiffs have not shown the Defendants willfully violated the FLSA and are therefore bound by the two-year statute of limitations.

A. The Administrative Exception

The FLSA requires employers to pay an employee overtime when the employee works more than forty hours in a week. 29 U.S.C. § 207(a)(1). However, the overtime pay requirement does not apply to an employee classified as an "administrative employee." 29 U.S.C. § 213(a)(1). This classification exempts "any employee (1) compensated on a salary or fee basis at a rate of not less than $455 per week . . . ; (2) whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200. The employer has the burden of proving that the employee is exempt from the FLSA's overtime requirements, and the requirements are narrowly construed against the employer. Hogan v. Allstate Ins. Co., 361 F.3d 621, 625 (11th

Cir. 2004) (quoting Atlanta Prof'l Firefighters Union, Local 134 v. Atlanta, 920 F.2d 800, 804 (11th Cir. 1991)).

Here, the parties do not dispute that the Plaintiffs were paid over $455 from August 2010 through the end of their employment thus satisfying the first requirement of the administrative exemption.  However, Johnson was paid under $455 per week from her hire on January 30, 2009 through August 2010.  (See Haley Dep. at 56-57). Likewise, Cartledge was paid under $455 per week from her hire on May 5, 2008 through August 6, 2008, when her pay was raised to $500 weekly.  (Cartledge Dep. Defs.' Ex. 3).  Accordingly, Johnson could not have been an administrative employee from her hire through August 2010 and Cartledge could not have been an administrative employee from her hire through August 6, 2008.

With respect to the second requirement, the Defendants have shown that the Plaintiffs' duties were the performance of office work directly related to the Medical Practice's business.  The Plaintiffs worked in the front office, which was separate from the back office where patients were seen for treatment.  (Haley Dep. at 27; 105; Lundrigan Dep. at 50).  Johnson's duties included scheduling appointments based on the patient's medical problems, and insurance, assisting patients with insurance forms, checking patients in and out, managing patients' charts, and taking calls, including emergency calls.  (See Johnson Dep. at 16; 23-26).  Cartledge's duties were largely

the same but also included submitting bills for the Medical Practice. (Cartledge Dep. at 80-81). The Plaintiffs' roles in scheduling patient appointments were crucial to the operation of the Medical Practice. See Rock v. Sunbelt Cranes, Construction & Hauling, Inc., 678 F. Supp. 2d 1264, 1271 (M.D. Fla. 2009) (concluding that employee's maintenance of the company's schedule was "one of the most important aspects of the Defendant's business ... without which [the business] could not function properly"). Johnson even stated in her deposition that her scheduling duties were crucial because Dr. Haley "isn't going to make money if she doesn't see any patients." (Johnson Dep. at 70). Accordingly, because the Plaintiffs managed the patient schedule for the Medical Practice, the Court concludes that their primary duty was office work directly related to the Medical Practice's general business operations.

Next, the Defendants argue that the Plaintiffs' "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." See 29 C.F.R. § 541.200. "In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.202(a). "Moreover, the phrase 'exercise of discretion and independent judgment' 'implies that the employee has the authority to make an independent choice, free from immediate direction or supervision,' although the

employee may still exercise discretion and independent judgment 'even if their decision or recommendations are reviewed at a higher level.'" Bubbenmoyer v. Boca Bargoons of Melbourne, Inc., No. 6:11-cv-1552, 2013 U.S. Dist. LEXIS 20138 (Jan. 30, 2013) (quoting 29 C.F.R. § 541.202(c)). The regulations list factors to consider when determining if an employee exercises independent judgment and discretion:

> Whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that has significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has the authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes, or resolving grievances.

Ferrell v. Gwinnett Cnty. Bd. of Educ., 481 F. Supp. 2d 1338, 1348 (N.D. Ga. 2007) (quoting 29 C.F.R. § 541.202(b)). The employee's "primary duty need only include the exercise of independent judgment and discretion, and, generally, employees who meet at least two or three of these indicators satisfy this requirement." Id. (citing Preamble to 29 C.F.R. Part 541, 69 Fed. Reg. 22122, 22143).

employee may still exercise discretion and independent judgment 'even if their decision or recommendations are reviewed at a higher level.'" Bubbenmoyer v. Boca Bargoons of Melbourne, Inc., No. 6:11-cv-1552, 2013 U.S. Dist. LEXIS 20138 (Jan. 30, 2013) (quoting 29 C.F.R. § 541.202(c)). The regulations list factors to consider when determining if an employee exercises independent judgment and discretion:

> Whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that has significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has the authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes, or resolving grievances.

Ferrell v. Gwinnett Cnty. Bd. of Educ., 481 F. Supp. 2d 1338, 1348 (N.D. Ga. 2007) (quoting 29 C.F.R. § 541.202(b)). The employee's "primary duty need only include the exercise of independent judgment and discretion, and, generally, employees who meet at least two or three of these indicators satisfy this requirement." Id. (citing Preamble to 29 C.F.R. Part 541, 69 Fed. Reg. 22122, 22143).

Based on these factors, the Court concludes that the Plaintiffs exercised independent judgment and discretion in their duties at the Medical Practice. First, the evidence shows that both Johnson and Cartledge "perform[ed] work that affect[ed] business operations to a substantial degree," even though it was confined to the front office portion of the Medical Practice. See 29 C.F.R. § 541.202(b). As noted above, the Plaintiffs' duties included scheduling appointments and submitting bills, both of which were crucial to the Medical Practice. Additionally, both employees had the ability to implement and interpret management policies. The policies for scheduling and billing were implemented in a way to require Johnson and Cartledge to utilize some judgment in scheduling and billing. Dr. Haley testified that the Plaintiffs used their intuition in scheduling appointments and that "[t]hey would ask if they didn't know." (Haley Dep. at 262). Indeed, Haley's deposition indicates that the Plaintiffs filled out the schedule roughly 85 percent of the time but had to inquire about the proper scheduling for the remaining appointments. (Id. at 263).[1] In scheduling patient

---

[1] Plaintiff Johnson has provided a notice of failure to perform duties issued to her by Dr. Haley for failing to schedule a new patient appointment when there were spots available for the patient. (Id. Pls.' Ex. 18). The notice specifically states that "[f]ailure to adequately fill work schedule will not be tolerated." (Id.) Although the Plaintiffs argue they were not given discretion over scheduling because Johnson was reprimanded for inappropriate scheduling decisions, "the term 'discretion and independent judgment' does not require that the decisions made by the employee have a finality that goes with unlimited authority and a complete absence of review." 29 C.F.R. § 541.202(c).

appointments, both Cartledge and Johnson implemented the Medical Practice's insurance policies, for instance by rejecting patients with certain insurance plans. Additionally, Cartledge had the ability to bind the company as to matters of financial significance as she was responsible for submitting bills to insurance companies. Cartledge was disciplined for using the wrong billing codes for a period of several years, which caused the Medical Practice to lose money. (See Cartledge Dep. Def.'s Ex. 5). The fact that Haley did not learn of the mis-billing for several years displays the extent of the Plaintiff's ability to bind the Medical Practice financially. Cartledge would also often submit bills directly to insurance companies without verifying the bills with anyone else in the Medical Practice. (See Cartledge Dep. at 85). Finally, the Plaintiffs represented the Medical Practice in handling customer complaints and customer communication generally. Cartledge frequently handled billing disputes and, although she would have to consult with Haley before changing a payment plan, she was considered the main contact for such grievances. Likewise, Cartledge would often handle insurance companies' refusals to pay without consulting Haley. (Id. at 72). Johnson would represent the Medical Practice in consulting with pharmacies on prescription refills and in consulting with various specialists concerning patient referrals. (Johnson Dep. at 28-31; 40-41). Accordingly, the Court concludes that the Plaintiffs did exercise independent judgment and discretion in performing their duties

in the front office of the Medical Practice. Thus, Plaintiff Johnson was exempt from the FLSA after her pay raise in August 2010 until her termination and Plaintiff Cartledge was exempt from the FLSA after her pay raise on August 6, 2008 through her termination. Because the longest possible application of the FLSA statute of limitations bars any claim more than three years old, see 29 U.S.C. § 255(a), the Defendants' motion for summary judgment should be granted with respect to Plaintiff Cartledge, who was an administrative employee throughout the actionable portion of her employment. The Defendants' motion should also be granted with respect to Plaintiff Johnson after her pay raise in August 2010.

### B. Statute of Limitations

The Defendants argue that any violation of the FLSA was not willful and that the Plaintiffs should accordingly be bound by a two-year statute of limitations. The statute of limitations for an ordinary violation of the FLSA is two years, and the statute of limitations for a willful violation is three years. 29 U.S.C. § 255(a). A willful violation occurs when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). Whether a violation is willful is a jury question. See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1282-83 (11th Cir. 2008). Although the Court concludes that the Plaintiffs were exempt from the

FLSA after they were given salaries above the $455 weekly threshold, there is a question of fact with respect to whether any violations of the FLSA before those raises were willful. The Defendants argue that Haley gave the Plaintiffs the option of working hourly with overtime pay but that they chose to be salaried employees. They also argue that Haley has never denied a request for overtime. These arguments do not undermine the fact that Haley paid Johnson and Cartledge below the $455 weekly requirement for many months. The Plaintiffs have provided evidence suggesting that Haley was aware the Plaintiffs were working outside their scheduled hours. (Haley Dep. at 200). Further, the Plaintiffs have shown that Haley wrote her employee handbook without the help of an attorney. (Haley Dep. at 116-17). Accordingly, there is a question of fact as to whether Haley "knew or showed reckless disregard" for the FLSA's overtime requirements. See McLaughlin, 486 U.S. at 133.

However, regardless of whether the two or three year statute of limitation applies, Plaintiff Cartledge's claims are time-barred. The complaint was filed on April 26, 2012, and the three-year limitation precludes her claim for overtime pay before April 26, 2009. As noted, Cartledge was given a pay raise and satisfied the administrative exception to the FLSA beginning on August 6, 2008. Accordingly, the Defendants' motion for summary judgment with respect to the statute of limitations should be granted with respect to Plaintiff Cartledge and denied with respect to

Plaintiff Johnson. There is a question of fact as to whether the Defendants' alleged violation of the FLSA overtime requirements from Johnson's hire on January 30, 2009, through her pay increase in August 2010.[2]

### C. Johnson's Evidence of Uncompensated Overtime

The Defendants contend that the Plaintiffs have not produced evidence of uncompensated overtime. "Although a FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation, the remedial nature of this statute and the great public policy which it embodies militate against making that burden an impossible hurdle for the employee." Allen v. Board of Pub. Educ. for Bibb Cty., 495 F.3d 1306, 1315 (11th Cir. 2007) (quoting Anderson v. Mount Clemens Pottery Co., 328 U.S. 680, 687 (1946)) (internal alterations omitted). "It is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment," and "if an employer has failed to keep proper and accurate records and the employee cannot offer convincing substitutes, the solution is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work." Id. (quoting Anderson, 328 U.S. at 687) (internal alterations omitted). "Thus, in situations where the employer's records cannot be trusted and the employee lacks documentation, ...

---

[2] Neither party has provided evidence showing the exact date of Johnson's pay raise in August 2010.

an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id. at 1316 (quoting Anderson, 328 U.S. at 687).  The burden then shifts to the employer who must provide evidence of "the precise amount of work performed" or to "negate the reasonableness of the inference drawn from the employee's evidence." Id. (quoting Anderson, 328 U.S. at 687-88).

Here, Johnson has provided informal time sheets indicating that she worked over forty hours each week from the week ending February 11, 2011, through the week ending May 13, 2011. (See Haley Dep. Pls.' Ex. 4).  She further states that she regularly worked over forty hours a week. (See Johnson Aff. ¶ 9).  The Defendants contend that they did not keep track of the Plaintiffs' time because they were salaried employees.  The Defendants further argue that, even when the Plaintiffs were at work outside their forty-hour weekly allotments, they were not performing work-related duties.  However, in her deposition, Haley admitted that the Plaintiffs were usually working whenever they were at work. (Haley Dep. at 122).  Johnson's own affidavit states that she performed work duties when she was at the Medical Practice outside her regularly-scheduled hours. (Johnson Aff. ¶ 12).  Further, both Plaintiffs argue they began to keep track of the hours they worked on the Medical Practice time sheets

but that those time sheets were removed by someone other than the Plaintiffs. (Johnson Aff. ¶ 11; Cartledge Aff. ¶¶ 12-13).

The Court finds that Johnson's evidence, combined with corroborating statements from Haley that Johnson did in fact appear at the Medical Practice outside of the normal hours, allows for a reasonable inference that Johnson worked more than forty hours for several weeks of her employment. The Defendants have not provided evidence of "the precise amount of work performed." See Allen, 495 F.3d at 1316. Likewise, the Defendants' evidence does not "negate the reasonableness" of the inference that Johnson worked over forty hours a week. Although some employees of the Defendants state that the Plaintiffs would "surf the internet" while they were at the Medical Practice outside normal hours, this does not undermine the allegations of extensive extra time.

Accordingly, Johnson has provided sufficient evidence of overtime hours worked without compensation to survive summary judgment. The Defendants' motion should be denied in that respect.

## IV. Conclusion

For the reasons set for above, the Defendants' Motion for Summary Judgment [Doc. 70] is GRANTED in PART and DENIED in PART. Specifically, the Defendants' motion is granted with respect to all of Plaintiff Cartledge's claims and

granted with respect to Plaintiff Johnson's claims following her salary increase in August 2010. The Defendants' motion is denied with respect to Plaintiff Johnson's claims from April 26, 2010 until she was paid $455 per week.

SO ORDERED, this 5 day of June, 2013.

>/s/Thomas W. Thrash
>THOMAS W. THRASH, JR.
>United States District Judge