UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VALERIE JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> DONNA C. HALEY, M.D., P.C., and DONNA C. HALEY, <br><br> Defendants. | CIVIL ACTION <br> FILE NO. 1:12-cv-01450-TWT |

**ORDER AND JUDGMENT**

This action came before this Court as a bench trial. The trial concerned the question of whether and to what extent, if at all, defendants failed to pay plaintiff Valerie Johnson overtime for the period of April 26, 2009 through August 4, 2010 and whether or not defendants Donna C. Haley, M.D., P.C. ("the Medical Practice") and Donna C. Haley ("Dr. Haley") knew or should have known their conduct violated the Fair Labor Standards Act ("FLSA") or showed reckless disregard for whether their conduct violated the FLSA. After two days of evidence by plaintiff and defendants, including documents and testimony, the Court finds as follows:

The evidence is incontestable that the Medical Practice and Dr. Haley are subject to the overtime provisions of the FLSA.  First, in the Medical Practice's handbook, Plaintiff's Exhibit 11, it explicitly describes the liability of the Medical Practice to pay overtime to non-exempt employees.  If Dr. Haley and her Medical Practice did not know they were responsible under the law to pay overtime to non-exempt employees, then such an entry would not have been in the handbook.

Second, based on the evidence presented in this case, it is unquestionable that the Medical Practice exceeds the $500,000.00 in gross receipts that are required for an enterprise to be subject to the FLSA overtime requirement; two, the evidence that at least 25 percent of the Medical Practice's business comes from out of state insurance companies demonstrates that liability. So there is no question about the applicability of the FLSA's overtime requirements to the Medical Practice and to Ms. Johnson's claim.

With respect to that claim, there has been conflicting evidence presented about what hours Ms. Johnson worked during the period from April 26, 2009 through August 4, 2010.  The reason for that is because Dr. Haley made the decision to pay plaintiff less than $455.00 a week, but also made the conscious decision to not keep track of her time.  Once defendants decided to pay plaintiff

less than $455.00 a week, the administrative exception to the overtime requirement becomes non-existent. 29 C.F.R. § 541.200(a)(1).

The employer must keep track of the employee's time because it has to pay her overtime. Dr. Haley and the Medical Practice failed to comply with that aspect of the law. 29 C.F.R. § 516.2. It would have been easy enough to know exactly what hours Ms. Johnson worked and not have to bring 10 or 12 witnesses from work in, testifying on one side of the issue or the other if Dr. Haley had simply complied with the law and made her employees keep time records. She did not do so.

As far as credibility of the witnesses is concerned, I find that the plaintiff, Valerie Johnson's testimony was credible and worthy of belief. I base that upon my observations of her on the witness stand as she testified. I base that on the fact that her testimony was generally corroborated by her coworkers and that her testimony was generally consistent with the records of the hours that she worked that were set forth in Plaintiff's Exhibit 31, which is time records for time after the relevant period. However these time records are relevant in terms of demonstrating what hours Ms. Johnson was working during the whole period that she worked for defendants.

As far as Ms. Johnson's credibility is concerned, she has been consistent ever since she left defendants' employ that she worked more than 40 hours a week. This court's review of the evidence finds that the hours that Ms. Johnson says she worked, now looking back and making her best effort to come up with a reasonable figure, are reasonable and credible. Any minor inconsistencies between that and what she said at other times does not persuade this Court that she is lying about this.

I find that the credible evidence that was presented by both plaintiff's witnesses and the defendants' witnesses was that the employees of this Medical Practice were seeing patients from 7:30 in the morning until 5:30 or 6:00 in the evening, if not every day, virtually every day that the office was open Mondays, Tuesdays and Thursdays, and that it was seeing patients for half a day on Wednesdays and Fridays. Since the office was open to see patients for those hours, it is entirely credible to find that Ms. Johnson and other clerical employees were having to work at least an hour or two before opening the office or both an hour or two after locking the office after the last patient was seen to do all the things that a modern, insurance-oriented medical practice is required to do to operate a business. Ms. Johnson's testimony was consistent with that evidence as well.

This Court finds that the plaintiff was employed by the defendants, Dr. Haley and the Medical Practice, from January 30, 2009 to August 11, 2011. Donna C. Haley, MD, P.C. engaged in interstate commerce in that the enterprise conducted business with out of state insurance carriers. Donna C. Haley, MD, P.C.'s gross revenues for 2009 and 2010 are more than $500,000.00 per year. Donna C. Haley is the sole proprietor of Donna C. Haley MD, and is an employer under the FLSA because she acted directly or indirectly in the interest of Donna C. Haley, MD, P.C. in relation to the plaintiff.

The defendants paid the plaintiff, Valerie Johnson, less than $455.00 per week from the time of her initial hire on January 30, 2009, to August 4, 2010. For the period from April 26, 2009 to August 4, 2010, Ms. Johnson was a non-exempt employee for purposes of receiving overtime wages because she earned less than $455.00 a week. The defendants knew or should have known that Ms. Johnson was working more than 40 hours in any given week from April 26, 2009 through August 4, 2010. The defendants classified Ms. Johnson as an exempt, salaried employee and did not pay her overtime even though they knew Ms. Johnson was working more than 40 hours per week.

From April 26, 2009 to June 24, 2009, Ms. Johnson was compensated at a rate of $400.00 a week. From June 24, 2009 to August 4, 2010, Ms. Johnson was

compensated at rate of $420.00 per week. Ms. Johnson estimates that she worked an average of 14 to 15 hours per week during the period from April 26, 2009, through May 31, 2010; and this Court finds her testimony about that to be credible and believable. She estimates that she worked an average of 10.82 overtime hours per week during the time period May 31, 2010 through August 4, 2010; the Court finds her testimony on these facts to be credible and believable. The hours recorded on the time cards corroborate her testimony. Her story about why the time cards were kept starting in March 2011 was not contradicted.

    Defendants were recklessly indifferent to Ms. Johnson's right to be paid overtime. Once Dr. Haley made the decision to pay her less than $455.00 a week, she automatically, as a matter of law was a non-exempt employee; and Dr. Haley had the obligation to know what hours she was working and know whether she owed her overtime compensation. The three-year statute of limitations rather than the two-year statute of limitations applies.

    The burden shifts in this case to the employer to prove that the employee did not work overtime hours. Because of Defendants' failure to keep adequate and reasonable records of the hours actually worked by Ms. Johnson, they have failed to carry their burden. Accordingly, I find that Ms. Johnson worked 130.5 hours of overtime during the relevant time period at the statutory overtime rate of $15.00

6

per hour and 804.2 hours of overtime at the statutory overtime rate of $15.75 per hour which Ms. Johnson did not receive as compensation.

Based on these findings of facts and conclusion of law and this Court's summary judgment order, which is incorporated by reference herein, the Court finds that the plaintiff is entitled to recover overtime wages in the sum of $12,682.57 and liquidated damages in an additional sum of $12,682.57. Pursuant to 29 U.S.C. § 216(b), the plaintiff is additionally entitled to reasonable attorney's fees and costs and may submit a timely petition to the Court.

It is so ordered, this  7th  day of  February , 2014.


 /s/Thomas W. Thrash 
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE